**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Francisco TORRES FELIX, Defendant–Appellant.**

No. 09–10477.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2011.

Filed March 4, 2011.

Thomas Anthony Colthurst, Esquire, Assistant U.S., Office of the U.S. Attorney, San Jose, CA, Hartley M.K. West, Esquire, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Ethan Atticus Balogh, Coleman & Balogh, LLP, San Francisco, CA, for Defendant–Appellant.

Before: SCHROEDER and THOMAS, Circuit Judges, and BENNETT, District Judge.*

MEMORANDUM **

Francisco Torres Felix appeals the sentence imposed following his guilty plea to conspiracy to possess with intent to distribute a mixture containing cocaine (21 U.S.C. §§ 841 and 846); possession with intent to distribute a mixture containing cocaine (21 U.S.C. § 841); carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)); possession of a firearm as an undocumented person (18 U.S.C. § 922(g)(5)(A)); and illegal reentry (8 U.S.C. § 1326).

Torres Felix first contends that the district court did not adequately explain the elements of the § 924(c) offense because it conflated the offense's two clauses. The district court's conflation does not constitute reversible error. The clauses are

---

\* The Honorable Mark W. Bennett, District Judge for the United States District Court for the Northern District of Iowa, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

similar in the proof they require. Thus, "[g]iven the conceptual similarity between the two statutory clauses," the conflation did not "seriously affect the fairness, integrity or reputation of the" proceeding. *United States v. Nobari*, 574 F.3d 1065, 1080 (9th Cir.2009) (citation, internal quotation marks, and brackets omitted). *Nobari* dealt with jury instructions, not a plea colloquy, but the possible prejudicial implications of the misstatement were, if anything, greater in the instructional context than in that of a counseled plea colloquy.

Torres Felix next contends that the district court erred by misstating the offense's maximum sentence. However, Torres Felix failed to "show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004). The district court gave Torres Felix numerous opportunities to withdraw his plea and Torres Felix declined to do so.

Finally, Torres Felix appeals his sentencing to a consecutive mandatory minimum sentence for his violation of § 924(c) given that he was already subject to a mandatory minimum for the drug offense. As Torres Felix conceded at oral argument, *Abbott v. United States* forecloses this challenge. —— U.S. ——, 131 S.Ct. 18, 23, 178 L.Ed.2d 348 (2010) ("[A] defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction.").

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.